

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 30, 1975

The Honorable Wilson E. Speir
Director, Texas Department
of Public Safety
5805 North Lamar Blvd.
Austin, Texas 78773

Opinion No. H- 701

Re: Effect of a state agency's
granting extended sick
leave to an employee.

The Honorable Raymond W. Vowell
Commissioner, State Department
of Public Welfare
John H. Reagan Building

Dear Colonel Speir and Commissioner Vowell:

You have requested our opinion concerning the relationship between
accrued sick leave, exceptional sick leave, and workmen's compensation
benefits. Article 8309g, V. T. C. S., which establishes a workmen's
compensation program for state employees, provides in section 12 that:

> an employee is not entitled to weekly payments
> of compensation under this Article until he has
> exhausted his accrued sick leave.

Article V, section 7 of both the 1975 and 1973 Appropriations Acts provides
that sick leave is _accrued_ at the rate of 8 hours per month. Acts 1973,
63rd Leg., ch. 659, p. 2200; Senate Bill 52, 64th Leg., Article V, section
7(b) of both Acts additionally provides:

> . . .
> Exceptions to the amount of sick leave an employee
> may take may be authorized by the administrative
> head or heads of any agency of the State provided
> such exceptions are authorized on an individual
> basis after a review of the merits of such particular
> case. A statement of any such authorized excep-
> tions or the reasons for them shall be attached to
> the State agency's duplicate payroll voucher for the
> payroll period affected by such authorized exceptions.

You have asked of the effect of a grant of exceptional sick leave on an employee's entitlement to workmen's compensation benefits. We believe the words "exceptions to the amount of sick leave an employee may take" imply that an employee must take all of his accrued sick leave in order to be eligible to receive exceptional sick leave. However, the restriction contained in section 12 of article 8309g pertains only to regularly accrued sick leave. Once an employee who has sustained a compensible injury exhausts his accrued sick leave he becomes eligible to receive workmen's compensation benefits. In our opinion the granting of additional exceptional sick leave would not affect his entitlement to those benefits. See Attorney General Opinion H-338 (1974).

Commissioner Vowell also asks if an injured employee who has exhausted his accrued sick leave would be eligible to receive workmen's compensation benefits even though he was receiving pay for compensatory time and vacation. There is no statutory requirement that workmen's compensation benefits be offset against payments for compensatory time and vacation, and therefore no such offset is permitted. V. T. C. S., arts. 8309g, § 15(a), 6674s, § 7(a)(1), 8306, § 3; Attorney General Opinion H-338 (1974).

### SUMMARY

Once a state employee exhausts his accrued sick leave he becomes eligible for workmen's compensation benefits.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee